**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **CHICAGO AREA I.B. OF T. PENSION TRUST FUND, by and through its Trustees HOWARD C. MURDOCH, RONALD SANDACK, PATRICK BRUNO, and MICHAEL G. PHILIPP,** | ) | |
| **Plaintiff,** | ) | **Case No.: 19-cv-7976** |
| **v.** | ) | |
| **EVERGREEN INTERNATIONAL INC. and NEW HAVEN LLC,** | ) | |
| **Defendants.** | ) | |

**COMPLAINT**

Plaintiff Chicago Area I.B. of T. Pension Trust Fund ("Fund"), by and through its Trustees Howard C. Murdoch, Ronald Sandack, Patrick Bruno, and Michael G. Philipp brings this complaint against Defendants Evergreen International Inc. ("Evergreen" or "Company") and New Haven LLC ("New Haven") and allege as follows:

**JURISDICTION AND VENUE**

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001-1461, to collect withdrawal liability, interest, and penalties and, as such, this Court has jurisdiction over this action under Sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f), and 1451(c).

2. Venue lies in this court under Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), as the Fund is administered by its Trustees at its principal place of business at 1333 Butterfield Road in Downers Grove, Illinois.

## PARTIES

3. The Fund is a multiemployer pension plan within the meaning of Sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3), as multiple employers are obligated to contribute to the Fund pursuant to collective bargaining agreements.

4. Pursuant to Sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), as fiduciaries, the Fund's Trustees are authorized to bring this action on behalf of the Fund, its participants, and its beneficiaries for the purpose of collecting withdrawal liability.

5. Defendant Evergreen is an Illinois for-profit corporation with its principal place of business is located in the State of Illinois in this district.

6. Defendant New Haven is an Illinois for-profit limited liability company with its principal place of business is located in the State of Illinois in this district.

## FACTS

7. Evergreen has been subject to successive collective bargaining agreements (collectively, "Agreements") with I.B. of T. Local Union No. 703.

8. The Agreements have required that Evergreen remit contributions to the Fund for each month worked by its employees performing certain types of work described in the Agreements.

9. On or about October 11, 2019, Evergreen permanently ceased the work for which it had been obligated to remit contributions to the Fund.

10. By letter dated October 11, 2019, Evergreen, through its counsel, notified the Fund that the Company ceased operations on October 11, 2019.

11. In October of 2019, the ownership of Evergreen was as follows: The Wayland B. Joe Declaration of Trust Dated May 27, 2015 (the "Wayland Trust") owned 45% of the Company; The Julieanne W. Joe Declaration of Trust Dated May 27, 2015 (the "Julieanne Trust") owned 45% of the Company; and The Richard J. Domagala Trust Dated April 4, 2005 (the "Richard Trust") owned 10% of the Company.

12. Prior to its cessation of operations, Evergreen operated out of two condominium units that it leased from New Haven, which owns the units.

13. In October of 2019, the ownership of New Haven was as follows: the Wayland Trust owned 45% of New Haven; the Julieanne Trust owned 45% of New Haven; and the Richard Trust owned 10% of New Haven.

14. The Fund's actuaries determined that, under Section 4201(b) of ERISA, 29 U.S.C. § 1381(b), Evergreen incurred $1,002,251 in withdrawal liability due to its complete withdrawal from the Fund on or about October 11, 2019.

15. Through its attorneys, the Fund sent Evergreen's attorney a letter dated October 24, 2019 ("Notice and Demand") that notified the Company of its withdrawal liability. A copy of that letter is attached hereto as Exhibit A.

16. The Notice and Demand indicated that, while Evergreen's withdrawal liability would ordinarily be payable through 30 quarterly installments of $39,786 and a final quarterly installment of $33,385, with the first installment due by December 20, 2019, pursuant to the Fund's withdrawal liability procedures and ERISA Section 4219(c)(5)(B), the Fund accelerated Evergreen's withdrawal liability due to the Company's closure. Ex. A.

17. The Notice and Demand advised Evergreen that, due to the acceleration, its full $1,002,251 withdrawal liability was due by November 7, 2019. Ex. A.

18. The Notice and Demand set forth the Fund's demand that Evergreen send the Fund a $1,002,251 payment for receipt by no later than November 7, 2019. Ex. A.

19. The Notice and Demand also explained Evergreen's right to request review of the Fund's withdrawal liability determination within 90 days of receipt of the Notice and Demand. Ex. A.

20. The Fund sent the Notice and Demand to Evergreen's attorney via certified mail and e-mail. Ex. A.

21. Upon information and belief, the e-mail with a copy of the Notice and Demand attached was successfully transmitted to Evergreen's attorney on October 24, 2019.

22. Evergreen's attorney received the Notice and Demand via certified mail on October 28, 2019, confirmed by United States Postal Service certified mail tracking information.

23. Evergreen did not remit the full $1,002,251 withdrawal liability payment by November 7, 2019. On November 27, 2019, the Fund received a check from Evergreen for $50,000. Evergreen has not remitted any other withdrawal liability payments to the Fund.

**COUNT I**
**LIABILITY FOR COMPLETE WITHDRAWAL UNDER ERISA § 4201**
**EVERGREEN**

24. Plaintiff incorporates by reference paragraphs 1 through 23 of this Complaint, as though fully set forth herein, as paragraph 24 of this Count I.

25. On or about October 11, 2019, Evergreen effected a "complete withdrawal" from the Fund, as defined in Section 4203 of ERISA, 29 U.S.C. § 1383.

26. Due to this complete withdrawal, Evergreen incurred $1,002,251 in withdrawal liability to the Fund, as determined under Section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

27. The Notice and Demand provided Evergreen with the notice of withdrawal liability required by Sections 4202(2) and 4219(b) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b).

28. Section 4219(c)(5)(B) of ERISA, 29 U.S.C. § 1399(c)(5)(B), provides that a default takes place upon the occurrence of "any other event defined in rules adopted by the plan which indicates a substantial likelihood that an employer will be unable to pay its withdrawal liability."

29. The Fund's Trustees have adopted rules defining events that indicate a substantial likelihood that an employer will be unable to pay its withdrawal liability. *See* Ex. A at Supplement A, Section XV(I)(2). Those events include "[c]losure of a substantial part of the Employer's operations." *Id*. at Section XV(I)(2)(h).

30. Based on its knowledge that Evergreen had ceased operations on October 11, 2019, the Fund concluded that Evergreen had closed with respect to a substantial part of its operations.

31. Evergreen is in default within the meaning of ERISA Section 4219(c)(5), 29 U.S.C. § 1399(c)(5).

32. Evergreen did not make a withdrawal liability payment to the Fund by November 7, 2019 and has not paid its full $1,002,251 withdrawal liability. While the $50,000 check that Evergreen issued to the Fund will reduce its liability by that amount (so long as it is not returned N.S.F.), the Company remains in default because it has not met its obligation to remit payment for the full, accelerated withdrawal liability.

33. Pursuant to Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), the Fund is entitled to immediate payment of the entire balance of Evergreen's withdrawal liability, plus interest on that amount accruing from the date of the missed payment.

34. Pursuant to the Fund's procedures pertaining to withdrawal liability and Sections 502(g)(2) and 4301(b) of ERISA, the Fund is also entitled to payment of liquidated damages in an amount equal to the interest or 20% of the withdrawal liability, whichever is greater, and all attorneys' fees and costs that the Fund incurs related to this matter.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests the following relief:

a. That, pursuant to Sections 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b), judgment be entered in the Fund's favor and against Evergreen for: $952,251 in withdrawal liability; pre-judgment interest on that amount beginning on the date of default, computed and charged at an interest rate equal to the P.B.G.C. rate reported by the Board of Governors of the Federal Reserve System as set forth in Statistical Release H.15; an amount equal to the greater of the interest on the unpaid withdrawal liability or liquidated damages equal to 20% of the unpaid withdrawal liability; and attorneys' fees and costs incurred by the Fund with respect to this matter;

b. All such other legal and equitable relief as the Court deems just and proper.

**COUNT II: CONTROL GROUP LIABILITY**
**FOR COMPLETE WITHDRAWAL UNDER ERISA § 4201**
**NEW HAVEN**

35. Plaintiff incorporates by reference paragraphs 1 through 34 of this Complaint, as though fully set forth herein, as Paragraph 35 of this Count II.

36. Under Section 4001(b)(1) of ERISA, 29 U.S.C. Section 1301(b)(1), and the regulations promulgated thereunder, all trades or businesses (whether or not incorporated) under common control are treated as a single employer for the purpose of the assessment and collection of withdrawal liability.

37. The Seventh Circuit has established a categorical rule that an entity that leases property to a withdrawing employer or allows the employer to use the property rent-free is a trade or business. *C. Sts. S.E. S.W. Areas Pen. Fund v. Messina Prods., LLC*, 706 F.3d 874, 882-83 (7th Cir. 2013).

38. New Haven, as the owner of the condominium units where Evergreen operated, leased the units to Evergreen, the withdrawing employer. Accordingly, New Haven is a trade or business.

39. Under 26 U.S.C. § 1563 and the regulations promulgated thereunder, organizations are treated as being under common control when the same individuals or entities have 80% or more of the control of the organizations.

40. Because Evergreen and New Haven had identical ownership as of October 2019 – 45% owned by the Wayland Trust, 45% owned by the Julieanne Trust, and 10% owned by the Richard Trust – Evergreen and New Haven were under common control as of the date of the complete withdrawal.

41. When Evergreen withdrew from the Fund, Evergreen and New Haven (collectively, "Control Group") incurred withdrawal liability to the Fund in the amount of $1,002,251, as determined under Section 4201(b) of ERISA.

42. Since notice to one member of a control group constitutes notice to all members of the control group, the Notice and Demand provided the Control Group with the notice required by Sections 4202(2) and 4219 of ERISA, 29 U.S.C. §§ 1382(2) and 1399.

43. The Control Group is in default within the meaning of Section 4219(c)(5)(B) of ERISA, 29 U.S.C. § 1399(c)(5)(B) and the Fund's withdrawal liability rules because Evergreen ceased operations.

44. Pursuant to Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), the Fund is entitled to immediate payment of the entire balance of the Evergreen's withdrawal liability, jointly and severally, from each member of the Control Group, plus interest on that amount accruing from the date of the missed payment, liquidated damages, and attorneys' fees and costs incurred by the Fund.

**PRAYER FOR RELIEF**

WHEREFORE, the Pension Fund respectfully requests the following relief:

a. That, pursuant to Sections 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b), judgment be entered in the Pension Fund's favor and against Evergreen and New Haven, jointly and severally, for: $952,251 in withdrawal liability; pre-judgment interest on that amount beginning on the date of default, computed and charged at an interest rate equal to the P.B.G.C. rate reported by the Board of Governors of the Federal Reserve System as set forth in Statistical Release H.15; an amount equal to the greater of the interest on the unpaid withdrawal liability or liquidated damages equal to 20% of the unpaid withdrawal liability; and attorneys' fees and costs incurred by the Fund with respect to this matter;

b. All such other legal and equitable relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jeremy M. Barr
Jeremy M. Barr
Attorney for the Plaintiff

Jeremy M. Barr (ARDC# 6299047)
Elizabeth L. Rowe (ARDC# 6316967)
DOWD, BLOCH, BENNETT,
CERVONE, AUERBACH & YOKICH
8 S. Michigan Ave., 19th Floor
Chicago, IL 60603
(312) 372-1361